WILLIAM J. MCCARTHY COMPANY *vs.* JAMES B. RENDLE & another.

Suffolk.    November 10, 1915. — January 10, 1916.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Equity Jurisdiction*, To reach and apply equitable assets. *Equity Pleading and Practice*, Parties. *Commonwealth. Words*, "Which cannot be reached."

A suit in equity under R. L. c. 159, § 3, cl. 7, to reach and apply to the payment of a debt to the plaintiff property which cannot be reached to be attached or taken on execution in an action at law, cannot be maintained without making the person, in whose possession such property is alleged to be, a defendant; and where such person is the Commonwealth, the fact that it cannot be sued except by its consent does not make its absence as a party any the less fatal to the prosecution of the suit.

It long has been settled that property "which cannot be reached to be attached or taken on execution in an action at law" within the meaning of R. L. c. 159, § 3, cl. 7, is property that cannot be so attached or taken by reason of its nature, and property of a nature to be attached or taken if it belonged to an individual is not brought within the meaning of the statute because it is in the hands of the Commonwealth which cannot be summoned as trustee in its own courts.

DE COURCY, J.   This bill in equity is brought under R. L. c. 159, § 3, cl. 7, to reach and apply a sum of money, alleged to be

due to the defendants from the Commonwealth, in payment of a debt which the defendants owe to the plaintiff. The fundamental trouble is that the Commonwealth, in whose possession the property is alleged to be, and which is interested in the issues of its indebtedness to the defendants and the assignability thereof by the defendants, is not made a party. The fact that it cannot be made a party and impleaded in its own courts except by its consent, clearly manifested by act of the Legislature (*Troy & Greenfield Railroad* v. *Commonwealth*, 127 Mass. 43), does not, of course, give the court jurisdiction to adjudicate its rights without its being heard.

The contention of the plaintiff is that by reason of the Commonwealth's immunity from suit, the money due to the defendants is property "which cannot be reached to be attached or taken· on execution in an action at law," and that therefore the court has jurisdiction under the statute. Even if this construction of the statute were correct, that would not obviate the necessity of joining as a party one who is vitally interested in the subject matter of the suit. But it long has been settled that by the clause quoted is meant "property which is of such a nature that it cannot be attached or taken on execution in a suit at law." *Venable* v. *Rickenberg*, 152 Mass. 64, 66. The claim which the defendant holds against the Commonwealth plainly is the kind of property which can be attached by trustee process in an action at law. The reason why trustee process will not lie in favor of the plaintiff is that the Commonwealth cannot be summoned as trustee into its own courts. In other words the plaintiff cannot reach this alleged property of the defendant either by legal or equitable trustee process without the Commonwealth's being made a party; and there is no statute authorizing it to implead the Commonwealth in its own courts.

If the materials for which the defendants are indebted were furnished on public work of the Commonwealth, the plaintiff could have secured payment under R. L. c. 6, § 77, by filing a sworn statement of its claim within sixty days in accordance with that statute. *Nash* v. *Commonwealth*, 174 Mass. 335.

The bill contains a prayer for an accounting; but no facts are alleged which show the basis for an account. *Bushnell* v. *Avery*, 121 Mass. 148. It was framed under R. L. c. 159, § 3, cl. 7. As

such a proceeding in the nature of an equitable trustee process it fails, and the plaintiff should be remitted to his remedy at law against the defendant. *Hoshor-Platt Co.* v. *Miller,* 190 Mass. 285. *Brown* v. *Floersheim Mercantile Co.* 206 Mass. 373.

The final decree,* sustaining the demurrer and dismissing the bill with costs, is to be affirmed.

*So ordered.*

*J. E. Crowley,* for the plaintiff.
*F. L. Norton,* for the defendants.

---

* Made in the Superior Court by *McLaughlin,* J.   The plaintiff appealed.