MASSACHUSETTS ELECTRIC COMPANY *vs.* ATHOL ONE, INC.
& another.[1]

Essex.  December 5, 1983. — April 17, 1984.

Present: HENNESSEY, C.J., WILKINS, LIACOS, NOLAN, & O'CONNOR, JJ.

*Practice, Civil,* Action to reach and apply funds held by Commonwealth.
*Governmental Immunity.*

In an action by an electric company against a nursing home, seeking payment
for electricity provided to the nursing home, and against the Commis-
sioner of Public Welfare, seeking to enjoin payment of funds owed by
the Commonwealth to the nursing home and to reach and apply such
funds to the nursing home's indebtedness to the company, the judge
properly dismissed the company's complaint against the Commissioner
for failure to state a claim on which relief could be granted, inasmuch
as neither an action for injunctive relief nor one to reach and apply funds
held by the Commonwealth is within the scope of the statutory waiver
of sovereign immunity contemplated by G. L. c. 258, § 12. [687-690]

CIVIL ACTION commenced in the Superior Court Department
on October 25, 1982.

The case was heard by *Brady,* J., on a motion to dismiss.

After review was sought in the Appeals Court, the Supreme
Judicial Court ordered direct appellate review on its own initia-
tive.

*Reginald L. Marden* for the plaintiff.

*H. Reed Witherby,* Assistant Attorney General, for Commis-
sioner of Public Welfare.

LIACOS, J. Massachusetts Electric Company (company) ap-
pealed from the judgment of a Superior Court judge dismissing
the company's complaint against the Commissioner of Public
Welfare (Commissioner). We transferred the case to this court
on our own motion. We conclude that the Superior Court judge

---

[1] Commissioner of Public Welfare.

properly dismissed the company's complaint for failing to state a claim on which relief could be granted. Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974). We affirm the judgment.

In an appeal from a dismissal of an action pursuant to rule 12 (b) (6), "we assume as true the facts alleged" by the complaint. See *Morash & Sons* v. *Commonwealth,* 363 Mass. 612, 613 (1973). The company is a public utility doing business in the Commonwealth. It supplies electricity and related electrical services to Athol One, Inc., doing business as Fleetwood Nursing Home (Athol One). The company brought suit pursuant to G. L. c. 214, § 3, against Athol One for failing to pay for electricity provided to the nursing home, and sought a judgment in the sum of $9,948.74, together with interest and costs.[2] The Commissioner was joined as a defendant in the suit. The company sought to enjoin the payment of monies owed by the Commonwealth through its Department of Public Welfare (department) to Athol One under the Massachusetts medical care and assistance program, and to reach and apply such funds to Athol One's indebtedness to the company.[3] See G. L. c. 118E, § 5. The department's motion to dismiss the complaint set forth that sovereign immunity barred the company's action to reach and apply funds held by the Department.

The company contends that the Commonwealth has waived its sovereign immunity by virtue of G. L. c. 258, § 12, and is subject to an action to reach and apply, since the company's

---

[2] General Laws c. 214, § 3 (6), as appearing in St. 1973, c. 1114, § 62, provides in pertinent part that "[t]he supreme judicial and superior courts shall have original and concurrent jurisdiction of . . . [a]ctions by creditors to reach and apply, in payment of a debt, any property, right, title or interest, legal or equitable, of a debtor . . . which cannot be reached to be attached or taken on execution . . . ."

[3] In our view, the named defendant should have been the Commonwealth, and not the Commissioner or the department. We reject the company's contention that the Commonwealth is not the real party in interest in this action because the department acts essentially as a "conduit" in disbursing Federal funds received for the medical care and assistance program under the Social Security Act. The department has the authority to administer the Federal monies allocated to the medical assistance program, and the State Treasurer is the custodian of these funds. See G. L. c. 118E, § 3.

claim arose from, and is sufficiently related to, the contractual relationship between the department and Athol One. See *First Nat'l Ins. Co.* v. *Commonwealth,* 376 Mass. 248 (1978).

General Laws c. 258, § 12, inserted by St. 1979, c. 1, § 1, provides that "[c]laims against the commonwealth, except as otherwise expressly provided in this chapter or by any general or special provision of law, may be enforced in the superior court." The common law sovereign immunity waiver granted by § 12 and its predecessors has been interpreted primarily as applicable in actions of contract against the Commonwealth. See *Glickman* v. *Commonwealth,* 244 Mass. 148, 150 (1923); *Nash* v. *Commonwealth,* 174 Mass. 335, 338-339 (1899) (construing St. 1887, c. 246). However, "[t]he rules of construction governing statutory waivers of sovereign immunity are stringent. The Commonwealth 'cannot be impleaded in its own courts except with its consent, and, when that consent is granted, it can be impleaded only in the manner and to the extent expressed . . . [by] statute.'" *Woodbridge* v. *Worcester State Hosp.,* 384 Mass. 38, 42 (1981), quoting *Broadhurst* v. *Director of the Div. of Employment Sec.,* 373 Mass. 720, 722 (1977). See *Perkins School for the Blind* v. *Rate Setting Comm'n,* 383 Mass. 825, 829 (1981) (§ 12 does not authorize governmental departments to settle claims brought against them, since the statute neither expressly grants such power nor is it necessarily implied). Cf. *Morash & Sons* v. *Commonwealth, supra* at 619. Compare *Sargeant* v. *Commissioner of Pub. Welfare,* 383 Mass. 808, 820 (1981) (in contract actions instituted pursuant to Medical Care and Assistance Program, Commissioner has authority to prosecute, defend, and satisfy monetary claims).

The company's suit to reach and apply is not a contract action against the Commonwealth. The suit, pursuant to G. L. c. 214, § 3 (6), is a two-step proceeding wherein the plaintiff, in the first step, must show the existence of a debt owed the company by Athol One, the principal defendant. See *Stockbridge* v. *Mixer,* 215 Mass. 415, 418 (1913). The second step involves the process of satisfying the debt out of property held by one who owes a debt to the principal defendant. *Id.*

The plaintiff must show that this property, by its nature, is incapable of attachment or of taking on execution in a legal action. *Id.* Furthermore, the holder of this property must be joined as a party defendant in an action to reach and apply, given his interest in the issue of his indebtedness to the principal defendant and in the disposition of the property in his possession. See *William J. McCarthy Co.* v. *Rendle,* 222 Mass. 405, 406 (1916).

We have concluded previously that, absent a statute expressly or impliedly authorizing the action, the Commonwealth cannot be impleaded as a party defendant in a suit to reach and apply property in its possession, which is due and payable to the principal defendant. See *William J. McCarthy Co.* v. *Rendle, supra* (Commonwealth cannot be impleaded in trustee process action or bill to reach and apply since no statute permits these actions). Cf. *MacQuarrie* v. *Balch,* 362 Mass. 151, 152 (1972) (plaintiff cannot maintain trustee process action to attach AFDC monies prior to disbursement to recipients since Commonwealth cannot be summoned as trustee without statutory authorization).

The company's reliance on *Nash* v. *Commonwealth, supra,* and *First Nat'l Ins. Co.* v. *Commonwealth, supra,* is misplaced. Neither of these decisions applies to the instant action. In *Nash* v. *Commonwealth, supra,* we decided that, under a predecessor statute to § 12, the Commonwealth could be made a party to a suit to enforce payment of the petitioner's claim for materials furnished under a State subsidized construction contract. *Id.* at 338, citing St. 1887, c. 246 (providing that Superior Court "shall have jurisdiction of all claims against the Commonwealth, whether at law or in equity"). We reasoned that the Commonwealth's amenability to process was implied in a statute which required the Commonwealth to retain sufficient security for the payment of materials furnished to contractors engaged in State subsidized contracts. *Id.* at 337, citing Pub. Sts. (1882) c. 16, § 64. There is no comparable statute applicable to this case.

The company also cannot find support for its position in *First Nat'l Ins. Co.* v. *Commonwealth, supra* at 251, where

we stated that "we do not think that a direct contractual relationship is a prerequisite to maintaining a suit against the Commonwealth. Rather, a claim arising in a contractual setting, although not involving a direct contract between the plaintiff and the Commonwealth, is contemplated by the waiver of immunity under G. L. c. 258, [§ 12]" (court construed predecessor statute to § 12, G. L. c. 258, § 1, as amended by St. 1973, c. 1114, § 337, which provided that "[t]he superior court, except as otherwise expressly provided, shall have jurisdiction of all claims against the commonwealth").

*First Nat'l Ins. Co.* v. *Commonwealth,* 376 Mass. 248 (1978), involved a claim of a surety company which had issued payment bonds to a State contractor. *Id.* at 249. We held that the surety's complaint, which alleged that the Commonwealth made payments to the contractor after notice of default, stated a cause of action against the Commonwealth. *Id.* at 248-249. It was in this factual context that we decided that, although the surety was not a party to a contract with the Commonwealth, its claim derived from the legal consequences of the contractual relationship between the contractor and the Commonwealth so as to fall within the statutory waiver of immunity contemplated by G. L. c. 258, § 12. See *id.* at 251. The company's contract claim against Athol One for the nonpayment of its electric bills bears no relation to Athol One's claims for reimbursement from the Commonwealth pursuant to their contract under G. L. c. 118E. The company's claim against Athol One does not derive from the legal consequences of the contractual relationship between the nursing home and the Commonwealth so as to permit a claim under the waiver of immunity rule granted by § 12.

The company's complaint, seeking to reach and apply funds held by the Commonwealth, thus failed to set forth a claim on which relief could be granted. In its complaint, the company also sought an injunction against the Commonwealth's disbursing monies owed to Athol One. We note that a claim for injunctive relief against the Commonwealth cannot be sustained

pursuant to G. L. c. 258, § 12. See *Executive Air Serv., Inc.* v. *Division of Fisheries & Game,* 342 Mass. 356, 359 (1961) (construing G. L. c. 258, § 1, predecessor to present § 12).

*Judgment affirmed.*