Kern, J.
The plaintiff, Diana Van Houtum (“Van Houtum”), brought this action against defendant Edimar Campos alleging various claims for relief based on a pervasive, willful and knowing scheme that resulted in a fraud on the court in the proceeding entitled Campos v. Van Houtum, C.A. 93-03902 (“1993 action”). Van Houtum also seeks relief against defendant Workers’ Compensation Trust Fund (“Trust Fund”) alleging breach of obligation (Count VII), breach of fiduciary duty (Count VIII), fraud (Count IX), and violation of civil rights (Count X). The Trust Fund moves to dismiss Van Houtum’s claims against it on numerous grounds. For the reasons stated below, the Trust Fund’s motion to dismiss is ALLOWED.
BACKGROUND
Van Houtum owns and develops multi-family dwellings in the Cambridge area. In July 1992, while working on one of Van Houtum’s buildings, Campos fell from a ladder and injured himself. As Van Houtum had no workers’ compensation insurance, Campos received more than $181,000 over the next six years from the Trust Fund.
In 1993, Campos sued Van Houtum in Middlesex Superior Court for the injuries he sustained from his fall. Van Houtum now alleges that Campos repeatedly testified falsely at hearings before the Department of Industrial Accidents (“DIA”) and again during the trial in the 1993 action about the extent of his injuries and his inability to work as a carpenter. Van Houtum alleges that as a result of these false statements a jury awarded Campos $125,000 plus interest and costs. She claims to have satisfied this judgment as well as any statutory liens obtained by the Trust Fund on her property.
Van Houtum claims she advised the Trust Fund that Campos was working as a carpenter while he was collecting disability benefits and that the Trust Fund failed to investigate her claims. Campos allegedly procured these benefits and the jury award by fraud. The Trust Fund had a statutory lien against Campos pursuant to G.L.c. 152, §15, whereby in the event Campos recovered from Van Houtum for his injuries, the Trust Fund could recover from Campos up to the amount of the payments the Trust Fund made to him. Van *514 Houtum contends that the Trust Fund failed to act on Campos’ fraudulent activities because it hoped to recoup the money it had paid to Campos from any jury award paid by Van Houtum.
In this action, Van Houtum asserts claims seeking to recover the monies she paid to Campos to satisfy the judgment in the 1993 action. She also asserts claims against the Trust Fund for breach of obligation, breach of fiduciary duty, fraud, and violation of civil rights. She seeks a declaration “requiring the return of all funds received by the Trust Fund from Campos,” further declaratory relief that any money paid to Campos should be “deducted from the full lien” obtained by the Trust Fund, a finding that the Trust Fund violated her civil rights, and for damages, counsel fees, and expenses.
DISCUSSION
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12 (b)(6), the court must accept as true the well-pleaded factual allegations of the complaint, as well as any inferences which can be drawn therefrom in the non-moving party’s favor. Fairner v. Savogran Co., 422 Mass. 469, 470 (1996); Euyal v. Helen Broadcasting Corp.. 411 Mass. 426, 429 (1991). “The plaintiffs need only surmount a minimal hurdle to survive a motion to dismiss for failure to state a claim.” Bell v. Mazza, 394 Mass. 176, 184 (1985). “[The] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977).
A. Common law fraud claim
Van Houtum’s entire claim against the Trust Fund is based on her allegation that the Trust Fund participated in Campos’ fraudulent actions. Specifically, Van Houtum alleges that the Trust Fund was on notice that Campos was making false statements to the Trust Fund and the DIA and that, despite such knowledge, and because it knew there were adequate funds available from the plaintiff to satisfy the Trust Fund obligation and lien, the Trust Fund conspired with Campos to collect money from Van Houtum rather than investigate and pursue Campos. The Trust Fund contends that this fraud action is barred by the doctrine of sovereign immunity.[1]
“Massachusetts is one of only five remaining States which retain the common law immunity at both the State and local levels.” Whitney v. Worcester, 373 Mass. 208, 212 (1977). Under this doctrine, a government body is protected from liability in civil suits unless its sovereign immunity has been waived. Bain v. Springfield, 424 Mass. 758, 762 (1997); Broadhurst v. Director of the Div. of Employment Sec., 373 Mass. 720, 722 (1977).
Van Houtum argues that the doctrine of sovereign immunity does not apply in this case because the Trust Fund is not a government agency. Upon examination of the Trust Fund, it becomes apparent that the Trust Fund is indeed an agency of the Commonwealth.
Though the funds contributed to the Trust Fund come from private employers, the Trust Fund itself is operated by the DIA. In addition, G.L.c. 152, §65, the provision that established the Trust Fund, provides: “The treasurer of the commonwealth shall be the custodian of the special fund and trust fund . . .’’In response to questions posed by the Senate and House of Representatives regarding a much earlier version of the Workers’ Compensation Act, the Supreme Judicial Court found that such law would not create a private corporation. Opinion of the Justices to the Senate and the House of Representatives, 309 Mass. 571, 581 (1941). Specifically, the court said, “['W]e are of opinion that said law would not create a corporation of any kind, but, rather, would create a government instrumentality . . . within one of the twenty departments— the department of industrial accidents — in which the executive and administrative work of the Commonwealth is organized . . .” Id. at 581-82. The court also emphasized that the inclusion of the state insurance trust fund in the executive and administrative departments of the Commonwealth, “disclose a clear intention that the fund . . . , should constitute an instrumentality of the Government of the Commonwealth . . .” Id. at 582.
Though the Justices were considering an earlier and different version of the Workers’ Compensation Act, the same reasoning applies to the current version of the Trust Fund. Recent cases reflect this same position. The Trust Fund was represented (without controversy) by attorneys general in both Re Letteney’s, 429 Mass. 280 (1999), and Re Armstrong, 47 Mass.App.Ct. 693 (1999). Further, in Daly v. Commonwealth, 29 Mass.App.Ct. 100 (1990), the Appeals Court found that the Special Fund, also created by G.L.c. 152, §65, is the appropriate source to pay the legal fees for attorneys general who are assigned to defend claims against the Trust Fund. Thus, there is no reason to believe that the Trust Fund is anything other than a government agency. That being said, the next issue to determine is whether sovereign immunity applies to the Trust Fund in this instance.
In the Massachusetts Tort Claims Act, G.L.c. 258, the Commonwealth for the first time exercised a broad waiver of its sovereign immunity for torts committed by government employees. “Public employers shall be liable for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee while acting within the scope of his office or employment. . .” G.L.c. 258, §2. Section 12 of Chapter 258 provides that claims against the Commonwealth under the Tort Claims Act may be enforced in the Superior Court.
*515 This waiver of immunity did not, however, apply to all torts committed by state employees. Section 10 of Chapter 258 specifically excluded several types of claims from its waiver of immunity. Specifically, Chapter 258 shall not apply to:
(c) any claim arising out of an intentional tort, including assault, battery, false imprisonment, intentional mental distress, malicious prosecution, malicious abuse of process, libel, slander, misrepresentation, deceit, invasion of privacy, interference with advantageous relations or interference with contractual relations; . . .
G.L.c. 258, §10 (emphasis supplied). A fraud claim such as this brought by Van Houtum is an intentional tort squarely within the types of torts which are excluded by §10 from the waiver of immunity under the Tort Claims Act.
Van Houtum responds that, though based on allegedly fraudulent conduct, this is a contract type claim and, therefore, sovereign immunity does not apply. It is widely recognized that the waiver of sovereign immunity found in G.L.c. 258, §12 maybe applied in the area of contracts. Mass. Electric Co. v. Athol One, Inc., 391 Mass. 685, 687 (1984); First Nat’l Ins. Co. of America v. Commonwealth, 376 Mass. 248, 250 (1978). Van Houtum does not allege that there is a contract between the Trust Fund and Van Houtum, nor even between the Trust Fund and Campos. Rather, Van Houtum argues that this is an action for money had and received which should be treated much like a contract action.
The Supreme Judicial Court rejected this type of reasoning in Mass. Electric Co. v. Athol One Inc., supra. There the court found that a “company’s suit to reach and apply is not a contract action against the Commonwealth.” Id. at 687. The court further noted, “We have concluded previously that, absent a statute expressly or impliedly authorizing the action, the Commonwealth cannot be impleaded as a party defendant in a suit to reach and apply property in its possession, which is due and payable to the principal defendant.” Id. at 688.
The Mass. Electric Court distinguished such actions from the type considered in First Nat’l Ins. Co. v. Commonwealth, 376 Mass. 248 (1978). First Nat’l involved a claim by a surely company that had issued bonds to a State contractor. The court found the surety’s allegation that the Commonwealth made payments to the contractor after notice of default was sufficient to state a cause of action against the Commonwealth. Id. at 251. In Mass. Electric., the court explained that its holding in First Nat’l was based on the fact that the surety’s “claim derived from the legal consequences of the contractual relationship between the contractor and the Commonwealth so as to fall within the statutory waiver of immunity contemplated by G.L.c. 258, §12.” Mass. Electric, 391 Mass. at 689. If the claim does not derive from the legal consequences of a contractual relationship between the Commonwealth and a private party, then there is no waiver of sovereign immunity under §12. Id.
Here there was no direct contractual relationship between the Trust Fund and Campos. Rather, these facts are more analogous to the reach and apply claim found in Mass. Electric, where the court found no waiver of immunity. Unlike the situation in which the Commonwealth contracts with a private company to do work, here the Trust Fund was merely fulfilling its statutorily mandated function of distributing workers’ compensation funds to a worker who had been injured on the job while working for an uninsured employer. In such a situation, the Trust Fund cannot be said to have clearly waived its sovereign immunity.
B. Statutory fraud claim
Van Houtum also brings claims for breach of obligation and breach of fiduciary duty which both stem from what Van Houtum alleges is the Trust Fund’s “duty” under one of the anti-fraud provisions of the Workers’ Compensation Act. According to G.L.c. 152, §14(3):
Notwithstanding any provision of section one hundred and eleven A of chapter two hundred and sixty-six to the contrary, any person who knowingly makes any false or misleading statement, representation or submission or knowingly assists, abets, solicits or conspires in the making of any false or misleading statement, representation or submission, or knowingly conceals or fails to disclose knowledge of the occurrence of any event affecting the payment, coverage or other benefit for the purpose of obtaining or denying any payment, coverage, or other benefit under this chapter ... shall be punished by imprisonment in the state prison for not more than five years or by imprisonment in jail for not less than six months nor more than two and one-half years or by a fine of not less than one thousand nor more than ten thousand dollars, or by both such fine and imprisonment.
Id. (Emphasis supplied.)
According to Van Houtum, this provision imposes a duty on the Trust Fund not to abet or conspire in the making of any false or misleading statement, representation or submission, as well as an affirmative duty to disclose the “knowledge of the occurrence of any event affecting the payment coverage or other benefit.”[2]
In Massachusetts, the word “person” in a statute is not ordinarily construed to include the State. Commonwealth v. ELM Medical Laboratories, Inc., 33 Mass.App.Ct. 71, 77(1992); Kilbane v. Secretary of Human Serv., 14 Mass.App.Ct. 286, 287-88. This policy reflects the Supreme Court’s position that “in common usage, the term ‘person’ does not include the sovereign, [and] statutes employing the [word] are *516 ordinarily construed to exclude it.” Will v. Michigan Dept. of State Police, 491 U.S. 58, 64 (1988).
When immunity arises in the context of statutory interpretation, the Supreme Judicial Court has said that “[i]t is a fundamental principle of our jurisprudence, that the Commonwealth cannot be impleaded in its own courts, except by its own consent clearly manifested by act of the Legislature.” Morash & Sons v. Commonwealth, 363 Mass. 612, 615 (1973), quoting Troy & Greenfield R.R. v. Commonwealth, 127 Mass. 43, 46 (1869). This long-standing, judicially constructed principle of statutory construction requires a “clearly manifested legislative intent when immunity is to be waived.” ELM, supra at 78.
The use of the word “person” in §14(3) hardly shows a clear legislative intent to waive immunity and impose such duties on the Trust Fund. It is particularly doubtful that the Legislature intended that agencies of the Commonwealth be bound by §14(3) considering that this provision provides a criminal penalty including the sanction of time in the state prison for any person who violates its requirements, rather than creating a private right of action.
Just as the Commonwealth has not waived sovereign immunity for the Trust Fund with respect to common law fraud claims, it has not waived its immunity under the auspices of G.L.c. 152, §14(3).[3] Accordingly, Van Houtum’s claims which arise from the “duties” imposed by this statute shall be dismissed.
C. Civil Rights Claim
Finally, Van Houtum claims that “by coercion, intimidation and threats the defendant Trust Fund intentionally, unlawfully, and in bad faith interfered with the plaintiffs exercise and enjoyment of rights secured by the Constitution and laws of the United States and the rights secured by the Constitution and laws of the Commonwealth of Massachusetts for the economic gain of the Trust Fund.” Though on its face Van Houtum’s claim meets the pleading requirements of the Massachusetts Civil Rights Act, G.L.c. 12, §§11H and 1II, and 42 U.S.C. §1983, her claim nevertheless fails. See Freeman v. Planning Bd. of West Boylston, 419 Mass. 548, 564 (1995) (outlining plaintiffs burden under the state and federal civil rights acts).
In Commonwealth v. ELM Medical Laboratories, Inc., 33 Mass.App.Ct. 71 (1992), the Appeals Court held that “the Commonwealth is not a ‘person’ for purposes of c. 12, §§11H and 111. Neither the language of the statute nor its legislative history supports the argument that the Commonwealth is a ‘person.’ "Id. at 76. Thus, in that case, the Department of Public Health enjoyed sovereign immunity from liability on a medical laboratory’s claim under the state Civil Rights Act.
Accordingly, as discussed above, the Trust Fund is an instrumentality of the Commonwealth, not a “person” for Civil Rights Act purposes and cannot be charged with violations of civil rights.

ORDER

For the foregoing reasons, it is hereby ORDERED that the Trust Fund’s motion to dismiss be ALLOWED on all counts against it (Counts VII, VUI, IX and X).

The Trust Fund also argues that Van Houtum has failed to allege fraud with specificity pursuant to Mass.R.Civ.P. 9(b). As Van Houtum's claim is dismissed on other grounds, it is not necessary to reach the issue of specificity.

Van Houtum also cites G.L.c. 152, §14(2) for the proposition that it prohibits concealment, the knowing failure to disclose that which is required to be revealed, the knowing use of perjured testimony or false evidence, the participation in the presentation of evidence which is false, and other conduct that the party knew to be fraudulent. Section 14(2) refers only to those proceedings within the division of dispute resolution and applies only to parties, witnesses, and expert medical witnesses appearing on behalf of an insurer or an employee in such proceedings. This provision is inapplicable in this action because neither were there any such proceedings before the division of dispute resolution in this case, nor did the Trust Fund participate in such a proceeding.

Van Houtum may of course bring claims against individual employees of the Trust Fund in their private capacity for their involvement in any fraudulent acts. The Trust Fund, however, cannot be held responsible for such intentional actions of its employees. Spring v. Geriatric Authority of Holyoke, 394 Mass. 274 (1985).