JEAN HANNIGAN & another *vs.* THE NEW GAMMA-DELTA CHAPTER OF KAPPA SIGMA FRATERNITY, INC. & others.

Plymouth. January 10, 1975 — May 6, 1975.

Present: TAURO, C.J., REARDON, QUIRICO, HENNESSEY, & WILKINS, JJ.

*Governmental Immunity. Commonwealth,* Liability for tort. *Constitutional Law,* Separation of powers. *University of Massachusetts. Practice Civil,* Parties.

The Board of Trustees of the University of Massachusetts, a defendant in an action of tort, was entitled to the defense of governmental immunity equally with the Commonwealth. [659]

A proposition advanced by the Commonwealth in an action of tort against it, that under Part II, c. 6, art. 6, of the Massachusetts Constitution only the Legislature, not this court, has the power to abrogate the doctrine of governmental immunity, was repugnant to the provisions for separation of powers in art. 30 of the Declaration of Rights. [660-661]

This court has the authority to abolish the doctrine of governmental immunity; but it refrained from doing so until the Legislature should act to abolish the doctrine or until events should demonstrate an intent on the part of the Legislature not to act. [662]

TORT. Writ in the Superior Court dated October 10, 1973.

The action was heard by *McNaught,* J., on demurrers.

The Supreme Judicial Court granted a request for direct appellate review.

*Paul J. Driscoll* for the plaintiffs.

*Timothy F. O'Leary,* Assistant Attorney General, for the Commonwealth & another.

HENNESSEY, J.   In this action in tort we are asked to abolish the doctrine of sovereign immunity.   The plaintiffs alleged in their declaration that on or about October 17, 1971, the minor plaintiff incurred serious injuries in a fall which occurred at the University of Massachusetts, Amherst, on premises controlled by the defendants by reason of the defendants' negligence.   The defendant Commonwealth of Massachusetts filed a motion to dismiss which a Superior Court judge treated as a demurrer and sustained on the ground that the court lacked jurisdiction.   The judge also sustained the demurrer of the defendant Board of Trustees of the University of Massachusetts.   The judge ruled, in substance, and we think correctly, that the trustees are one and the same party, namely the Commonwealth of Massachusetts, since the action was not instituted against the trustees individually, but rather against the board as a statutory entity.   See G. L. c. 15, § 20; G. L. c. 75, § 1; *Commonwealth* v. *Norman,* 249 Mass. 123, 128 (1924).   In his rulings, the judge, by referring to *Morash & Sons, Inc.* v. *Commonwealth,* 363 Mass. 612 (1973), indicated that he was sustaining the demurrers on the ground that the action was barred by the doctrine of sovereign immunity.   Thereafter, on application by the plaintiffs, we granted direct review of the matter.

1. We consider the case in light of our statements in *Morash & Sons, Inc.* v. *Commonwealth, supra.*   There was no error.   We reaffirm our conclusion, as stated in the *Morash* case, that this court has the authority to abolish sovereign immunity, but we reiterate also that we refrain from doing so at this time since, for reasons stated in the *Morash* opinion, it is preferable that the Legislature should have a reasonable opportunity to accomplish by statute this change in the law.

The plaintiffs, in a comprehensive brief, urge that at this time, and without further delay, we should make this major change in the law toward which, in the *Morash* case, we took one step when we said:   "We disagree with

the Commonwealth's argument that it cannot be sued without legislative consent. Since governmental immunity is a judicially created concept, it can be discarded by the courts and we do so now to the limited extent of holding that the Commonwealth is not immune from liability if it creates or maintains a private nuisance which causes injury to the real property of another." *Morash & Sons, Inc.* v. *Commonwealth, supra,* at 619.

The Commonwealth attempts to show, by extension of the arguments that it offered in the *Morash* case, that this court is without power to abrogate sovereign immunity and that we have said as much in the past, citing, inter alia, *McArthur Bros. Co.* v. *Commonwealth,* 197 Mass. 137 (1908), and *Sullivan* v. *Commonwealth,* 335 Mass. 619, 626 (1957).

We believe that extensive discussion, beyond the lengthy treatment we afforded the subject in the *Morash* case, is not necessary. However, the Commonwealth now offers an additional argument, not previously considered in the *Morash* case. This contention is that the Massachusetts Constitution expressly preserves all of the law of the Commonwealth, including our common law as it existed at the time we adopted our State Constitution, until and unless that law is altered or repealed by the Legislature. The Commonwealth's reliance is on the Massachusetts Constitution, Part II, c. 6, art. 6, adopted in 1780, which provides: "All the laws which have heretofore been adopted, used and approved in the Province, Colony or State of Massachusetts Bay, and usually practised on in the courts of law, shall still remain and be in full force, *until altered or repealed by the legislature;* such parts only excepted as are repugnant to the rights and liberties contained in this constitution" (emphasis added). The intermediate appellate court of the State of Georgia is cited as having recently declined to abrogate sovereign immunity because of the binding effect of a similar provision in its State Constitution.

367 Mass. 658                      661

Hannigan v. The New Gamma-Delta Chapter of Kappa Sigma Fraternity, Inc.

*Azizi* v. *Regents of the Univ. Sys. of Ga.* 132 Ga. App. 384 (1974).

Against this novel constitutional argument, the plaintiffs offer brief and, to us, totally convincing rebuttal. First of all, the Commonwealth brings to our attention no judicial opinions to show that the doctrine of sovereign immunity was used or adopted *in Massachusetts* prior to 1780, or was "usually practised on in the courts of law" of Massachusetts prior to 1780.

Furthermore, the proposition urged by the Commonwealth is clearly repugnant to the provisions in art. 30 of our Declaration of Rights for separation of powers among the departments of government, as follows: "In the government of this commonwealth, the legislative department shall never exercise the executive and judicial powers, or either of them:  the executive shall never exercise the legislative and judicial powers, or either of them:  the judicial shall never exercise the legislative and executive powers, or either of them:  to the end it may be a government of laws and not of men."  By this language the traditional role of the Massachusetts courts in the operation of the common law is guaranteed, without regard to the origin of that law before or after 1780.[1]

---

[1] The sweep of the Commonwealth's argument is indicated in small part by reference below to only a few of the cases of recent years in which this court has effected substantial changes in the common law. If the Commonwealth's argument prevailed all of these cases would be subject to reexamination, commencing with an inquiry as to whether the original rule predated 1780.  The cases follow.  *Albano* v. *Western Constr. Corp.* 357 Mass. 647 (1970), *McMahon* v. *M & D Builders, Inc.* 360 Mass. 54 (1971), *McDonough* v. *Whalen,* 365 Mass. 506 (1974) (implied warranty in builder's sale of new dwelling). *Lombardo* v. *D. F. Frangioso & Co. Inc.* 359 Mass. 529 (1971), but see *Diaz* v. *Eli Lilly & Co.* 364 Mass. 153 (1973) (recovery for loss of consortium).  *George* v. *Jordan Marsh Co.* 359 Mass. 244 (1971) (recovery for emotional distress and resulting bodily harm caused by intentional extreme and outrageous conduct).  *Gaudette* v. *Webb,* 362 Mass. 60 (1972) (common law basis of liability for wrongful death).  *Knowles* v. *Gilchrist Co.* 362 Mass. 642 (1972) (responsibility of bailee for hire).  *Boston Housing Authy.* v. *Hemingway,* 363 Mass. 184 (1973) (implied warranty of habitability of rented apartment).

2. Although we reaffirm our authority to abolish sovereign immunity, we accede to the Commonwealth's argument that we should continue to refrain, at least for the present, from doing so.   Only about twenty-three months have passed since the *Morash* decision.   In the meantime, legislation to the same end has been filed and has been referred to the Judicial Council.[2]   For all of the compelling reasons we offered in the *Morash* opinion, it is preferable that the Legislature should act to accomplish this necessary change.   We shall continue to refrain until the Legislature acts or until events demonstrate that it does not intend to act.

*Orders sustaining demurrers affirmed.*

---

*Mounsey* v. *Ellard,* 363 Mass. 693 (1973) (abolition of common law classifications defining the duty of care owed by occupant of land to lawful visitors).

[2] The Judicial Council has now made some specific recommendations for legislative action.   See the Fiftieth Report of the Judicial Council (1974), Pub. Doc. No. 144, p. 124 et seq.