**Mussa ALI, Plaintiff,**

v.

**UNIVERSITY OF MASSACHUSETTS MEDICAL CENTER, et al., Defendants.**

**No. CIV. A. 98–40235–NMG.**

United States District Court, D. Massachusetts.

April 11, 2001.

Mussa M. Ali, Metairie, LA, pro se.

Vincent G. Campanella, Lewis Wharf, Boston, MA, Yancey L. Garnett, Worcester, MA, for plaintiff.

Geoffrey B. McCullough, Boston, MA, for defendants.

## MEMORANDUM AND ORDER

GORTON, District Judge.

### I. *Background*

The plaintiff, Mussa Ali ("Ali"), asserts racial discrimination claims against the University of Massachusetts Medical Center ("UMMC") and several of its employees. Ali, a citizen of Ethiopia, alleges that he was denied admission to medical school because he is black. He also alleges that he was subject to disparate treatment

while employed by UMMC pending his application to medical school.

Ali filed his original complaint on November 24, 1998. That complaint was amended first on March 4, 1999 and then again on October 1, 1999 ("the Second Amended Complaint") to assert fourteen claims: one claim under 42 U.S.C. § 1983 against UMMC, six claims under 42 U.S.C. § 1981 against individual defendants, four claims of disparate treatment under 42 U.S.C. § 2000e–2 ("Title VII") against UMMC, and three claims of disparate treatment under Title VII against Dr. Craig Mello. Ali seeks monetary damages, declaratory relief and an injunction to prohibit UMMC and the individual defendants from discriminating against him.

By an order entered on March 29, 2000, this Court dismissed the § 1983 claim against UMMC on sovereign immunity grounds and the Title VII claims against Dr. Mello because Title VII does not contemplate individual liability. Now pending before this Court is Ali's motion for leave to amend the Second Amended Complaint to add several new claims and a new defendant, Dr. Michele Pugnaire ("Dr.Pugnaire"), an instructor of Ali's Medical Interviewing class at UMMC. (Docket No. 49).

## II. *Analysis*

### A. New Claims

Specifically, Ali seeks to amend the Second Amended Complaint by adding: 1) a claim against UMMC for discrimination in violation of Title VI, 42 U.S.C. § 2000e ("Title VI"), 2) claims under 42 U.S.C. §§ 1983 and 1981 against the defendants (except UMMC) in their individual capacities, and 3) claims against all the defendants for civil conspiracy, violation of M.G.L. c. 12, § 11I, fraud, intentional infliction of emotional distress, negligence, invasion of privacy, defamation and interference with contractual relations.

■ Fed.R.Civ.P. 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires." If the movant has shown at least colorable grounds for relief, justice requires allowing amendments unless the movant is guilty of undue delay or bad faith, or if the amendment would be unduly prejudicial to the nonmoving party. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

■ Despite an interval of more than two years between the filing of the original complaint and the pending motion, this Court finds no undue delay. Since this Court dismissed portions of the Second Amended Complaint on March 29, 2000, the following mitigating factors have arisen to excuse Ali's delay:

1) Ali both appealed the partial dismissal of that complaint to the First Circuit Court of Appeals and sought reconsideration thereof in this Court;

2) confusion arose as to whether Ali was represented by counsel or was proceeding *pro se,* which resulted in the failure of this Court to consider an earlier (more timely) motion to amend the Second Amended Complaint; and

3) there has been no discovery in this case thus lessening any prejudice to the defendants that might have otherwise arisen.

■ Notwithstanding such mitigating factors, a motion to amend will be denied where an amendment would be legally futile or would serve no legitimate purpose. *Judge v. City of Lowell,* 160 F.3d 67, 79 (1st Cir.1998). Because Count VI of the proposed Third Amended Complaint is destined for dismissal, Ali will not be allowed to add that count.

In Count VI, Ali claims that the defendants violated the Massachusetts Civil Rights Act ("MCRA"), M.G.L. c. 12, § 11I, by disclosing his academic transcript in proceedings before the Massachusetts Commission Against Discrimination without his permission. Section 11I of the MCRA provides for a cause of action against any "person" who interferes by threats, intimidation, or coercion, with the exercise of any rights secured by the constitutions or laws of the United States or of the Commonwealth. *Hathaway v. Stone,* 687 F.Supp. 708, 711 (D.Mass.1988).

The Commonwealth of Massachusetts, however, is not a "person" for purposes of § 11I of the MCRA. *Commonwealth v. ELM Medical Labs., Inc.,* 33 Mass.App.Ct. 71, 76, 596 N.E.2d 376 (1992). UMMC, a part of the University of Massachusetts, is a public institution established under the laws of the Commonwealth of Massachusetts and is therefore an "arm" of the state. *Silva v. Universidad de Puerto Rico,* 817 F.Supp. 1000, 1004 (D.P.R.1993); *see also Hannigan v. New Gamma–Delta Chapter of Kappa Sigma Fraternity, Inc.,* 367 Mass. 658, 659, 327 N.E.2d 882 (1975). Accordingly, UMMC is not subject to suit under the MCRA and thus cannot be a defendant in Count VI.

Moreover, Ali fails to state a claim under the MCRA against any of the defendants. To establish a claim under the MCRA, a plaintiff must prove that 1) his/her exercise or enjoyment of rights secured by the Constitution or laws of either the United States or of the Commonwealth, 2) has been interfered with, or attempted to be interfered with, and 3) that the interference or attempted interference was by "threats, intimidation or coercion." *Swanset Dev. Corp. v. City of Taunton,* 423 Mass. 390, 395, 668 N.E.2d 333 (1996). In *Planned Parenthood League of Massachusetts, Inc. v. Blake,* 417 Mass. 467, 631 N.E.2d 985 (1994), the Supreme Judicial Court of Massachusetts defined the words "threats, intimidation or coercion":

"Threat"...involves the intentional exertion of pressure to make another fearful or apprehensive of injury or harm. "Intimidation" involves putting in fear for the purpose of compelling or deterring conduct. ["Coercion" is] "the application to another of such force, either physical or moral, as to constrain him to do against his will something he would not otherwise have done."

*Id.* at 474, 631 N.E.2d 985 (citations omitted). MCRA violations thus typically involve "actual or potential physical confrontation accompanied by a threat of harm...." *Id.* at 473, 631 N.E.2d 985; *see also Bally v. Northeastern Univ.,* 403 Mass. 713, 719–20, 532 N.E.2d 49 (1989)(collecting representative cases).

Even if the defendants did, as alleged, unlawfully disclose Ali's academic transcript, such disclosure does not, as a matter of law, constitute the kind of physical confrontation contemplated by the words "threats, intimidation or coercion." Indeed, Ali does not contend that the defendants violated his right to privacy by "threats, intimidation or coercion." This Court is mindful that non-physical harassment in retaliation for the exercise of a constitutional right can violate the MCRA. *Broderick v. Roache,* 803 F.Supp. 480, 486–87 (D.Mass.1992). Nothing in the Third Amended Complaint suggests, however, that the defendants disclosed Ali's transcript in retaliation for his assertion of a constitutional or statutory right or to somehow threaten, intimidate or coerce him in the exercise thereof. Count VI is therefore futile and will be dismissed.

This Court also notes that Count I, which alleges that UMMC improperly re-

fused to admit Ali to its medical school in violation of Title VI, contains a citation to 29 U.S.C. § 2000e, a subsection of Title VII rather than Title VI. Count I should thus be amended accordingly to cite the appropriate section of the United States Code.

### B. New Defendant

█ Local Rule 15.1(B) requires that a party seeking to amend a pleading to add a new party must serve the motion to amend on that party at least ten days before filing the motion. The certificate of service attached to Ali's motion for leave to amend indicates that the proposed new defendant, Dr. Pugnaire, was served on December 20, 2000, the same date on which the pending motion was filed with this Court. Service of the motion was therefore untimely. Accordingly, Ali will not be allowed to add Dr. Pugnaire as a party defendant for failure to comply with the Local Rules.

### ORDER

For the reasons set forth in the Memorandum above, plaintiff's motion for leave to amend the Second Amended Complaint (Docket No. 49) is ALLOWED, in part, and DENIED, in part, as follows:

1) with respect to Counts I through V and VII through XII of the proposed Third Amended Complaint, ALLOWED;

2) with respect to Count VI of the proposed Third Amended Complaint, DENIED; and

3) with respect to the addition of Dr. Michele Pugnaire as a new defendant, DENIED.

So ordered.