# Howard Wong *vs.* University of Massachusetts & another.[1]

Bristol. September 5, 2002. - October 25, 2002.

Present: MARSHALL, C.J., GREANEY, SPINA, SOSMAN, & CORDY, JJ.

*Contract,* Performance and breach, Employment. *Limitations, Statute of. Commonwealth,* Claim against. *Governmental Immunity. Massachusetts Tort Claims Act. Statute,* Construction.

Discussion of the relevant legislative history as to the origins of the Commonwealth's consent to be sued for contract claims. [31-34]

The three-year statute of limitations contained in G. L. c. 260, § 3A, governing "claims against the Commonwealth," rather than the six-year statute of limitations contained in G. L. c. 260, § 2, governing contract actions generally, was applicable to a contract claim against the Commonwealth. [34-36]

CIVIL ACTION commenced in the Superior Court Department on January 26, 1999.

A motion to dismiss was heard by *Vieri Volterra,* J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Terence P. O'Malley* for the defendants.

*Donald J. Fleming* for the plaintiff.

MARSHALL, C.J. We must decide in this case what statute of limitations applies to an action for breach of contract against the Commonwealth. On January 26, 1999, the plaintiff, Howard Wong, brought an action against the University of Massachusetts alleging that it had committed a breach of his employment contract when it discharged him in May, 1993. A judge in the Superior Court dismissed the complaint on the grounds that the action had not been commenced within the three-year

---

[1]The Commonwealth.

statute of limitations provided in G. L. c. 260, § 3A.[2] In a brief, unpublished memorandum, citing *Chapman* v. *University of Mass. Med. Ctr.*, 417 Mass. 104 (1994), and an order pursuant to its rule 1:28, the Appeals Court reversed the judgment. *Wong* v. *University of Mass.*, 53 Mass. App. Ct. 1108 (2001). The Commonwealth appealed.[3] We granted the Commonwealth's application for further appellate review. We affirm the judgment of the Superior Court. Breach of contract claims against the Commonwealth must be commenced within three years, as provided in G. L. c. 260, § 3A.

## I

The narrow issue presented on appeal is whether the six-year statute of limitations contained in G. L. c. 260, § 2, governing contract actions generally,[4] or the three-year statute of limitations contained in G. L. c. 260, § 3A, governing "claims against the Commonwealth," is applicable to a contract claim against the Commonwealth. See note 2, *supra.* A judge in the Superior Court held that the latter statute governed such actions; the Appeals Court determined it was the former. The issue is not definitively resolved by the language of either statute. We therefore examine the relevant legislative history, tracing to its origins the Commonwealth's consent to be sued for contract claims. See *Chandler* v. *County Comm'rs of Nantucket County,* 437 Mass. 430, 435 (2002) (employing legislative history to interpret statute in accordance with Legislature's intent); *Barclay* v. *DeVeau,* 384 Mass. 676, 680 (1981) (same).

[2]General Laws c. 260, § 3A, provides that "[p]etitions founded upon claims against the commonwealth prosecuted under chapter two hundred and fifty-eight shall be brought only within three years next after the cause of action accrues."

[3]For purposes of the Commonwealth's consent to be sued, the University of Massachusetts and the Commonwealth are "one and the same party, namely the Commonwealth of Massachusetts." *Hannigan* v. *New Gamma-Delta Chapter of Kappa Sigma Fraternity, Inc.,* 367 Mass. 658, 659 (1975).

[4]General Laws c. 260, § 2, provides: "Actions of contract, other than those to recover for personal injuries, founded upon contracts or liabilities, express or implied, except actions limited by section one or actions upon judgments or decrees of courts of record of the United States or of this or of any other state of the United States, shall, except as otherwise provided, be commenced only within six years next after the cause of action accrues."

In 1879, the Commonwealth consented for the first time to be sued in its courts on certain claims. St. 1879, c. 255. That statute provided: "The superior court shall have jurisdiction of all claims against the commonwealth, which are *founded on contract for the payment of money . . .*" (emphasis added). St. 1879, c. 255, § 1. The 1879 statute further provided: "All the existing provisions of law relating to the limitation of personal actions shall apply to claims against the commonwealth, and to the remedy herein provided . . . ." St. 1879, c. 255, § 5. We take that to mean that the statute of limitations then applicable to contract claims generally, at the time six years for a contract not under seal, see Gen. St. 1860, c. 155, § 1, would be applicable to contract claims against the sovereign.

For many decades the Legislature made no significant change to the Commonwealth's consent statute, although incidental amendments were enacted from time to time. In the codification of the Public Statutes of 1882, the provisions remained unchanged, with the exception that certain language relating to railroads was deleted. See Pub. St. 1882, c. 195, §§ 1, 6. In 1887, the Legislature redefined the circumstances in which the Commonwealth consented to be sued, deleting the statutory language "founded on contract for the payment of money" and substituting the words "at law or in equity" to describe such claims. See St. 1887, c. 246.[5] The provision relating to the applicable statute of limitations was not changed. *Id.* There the matter rested until 1943. During the intervening sixty-four years (1879-1943), the Commonwealth's consent to suit in the Superior Court for contract claims (claims "at law or in equity"[6])

---

[5]As revised in 1887, the consent statute thus read: "The superior court shall have jurisdiction of *all claims against the commonwealth whether at law or in equity*" (emphasis added). St. 1887, c. 246.

[6]In 1890, this court held that, notwithstanding the 1887 deletion of the phrase regarding claims "founded on contract for the payment of money . . ." from the statute, the Commonwealth had not consented to tort actions. *Murdock Parlor Grate Co. v. Commonwealth*, 152 Mass. 28, 30-31 (1890) (dismissing tort claim allegedly stemming from Commonwealth's negligence and holding that "amended statute was intended to cover claims of . . . breach of contract[,] . . . contracts other than those for the payment of

required that such claims be brought within six years. G. L. c. 260, § 2.[7]

In 1943, the Legislature for the first time drew a distinction between the limitation period applicable to contract claims against the Commonwealth and the limitation period applicable to contract actions generally. Statute 1943, c. 566, both repealed as to the Commonwealth the existing statute of limitations for contract claims and codified a new three-year limitations period for claims against the Commonwealth.[8] In short, with the enactment of the new statute in 1943, the Commonwealth consented to be sued for claims "at law or in equity" only, and the statute of limitations for all such claims was three years. The statute of limitations applicable to contract claims in all other cases was unchanged: six years for contracts not under seal and twenty

money[,] . . . and perhaps other claims not convenient now to enumerate. This gives to the statute a full and sufficient meaning, without holding, as the petitioner urges, that a remedy in the nature of an action of tort against the Commonwealth is afforded . . ."). The court reasoned that the term "contract for the payment of money" was amended to allow for remedies, such as damages, for the breach of any type of contract. *Id.* at 29-30.

[7]The statute authorizing the consent to sue the Commonwealth was recodified in 1902, 1921, and 1932. In the course of recodification, the chapter was renumbered and minor, primarily procedural changes were enacted as follows. In the Revised Laws of 1902, the statute stated that claims against the Commonwealth should be brought in the Superior Court for Suffolk County. R. L. (1902), c. 201, § 1. In the Revised Laws of 1921, the text concerning the Commonwealth's consent to be sued for breach of contract was unchanged. See R. L. (1921), c. 201, § 1. In 1921, the text of the limitations section was compressed, but its import was the same: "Laws relative to the limitation of actions shall apply to claims against the commonwealth and to the remedy herein provided." R. L. (1921), c. 201, § 5. In 1932, with the enactment of the Tercentenary Edition of the General Laws, the consent to suit provisions again were not changed, excepting only that the requirement that a claim against the Commonwealth be brought only in Suffolk County was deleted: claims were now authorized in all counties. See G. L. (Ter. Ed.) c. 258, § 1. In 1932, as before, the provision concerning the applicable statute of limitations was not amended. See G. L. (Ter. Ed.) c. 258, § 5.

[8]Specifically, St. 1943, c. 566, § 2, repealed G. L. c. 258, § 5, that previously had governed the statute of limitations for contract claims against the Commonwealth. The new "limitations on actions" provision enacted by the Legislature provided: "Petitions founded upon claims against the commonwealth prosecuted under chapter two hundred and fifty-eight shall be brought only within three years next after the cause of action accrues." St. 1943, c. 566, § 1. That provision is now codified at G. L. c. 260, § 3A. See note 2, *supra.*

years for contracts under seal. See St. 1948, c. 274, § 1; R. L. (1902), c. 202, §§ 1, 2.

As of 1943, the Commonwealth had not, of course, consented to be sued in tort. See note 6, *supra.*[9] It did not do so until 1978.[10] In *Whitney* v. *Worcester*, 373 Mass. 208, 212-213 (1977), this court announced that, unless the Legislature acted to permit tort claims against the Commonwealth and other public employers, the court would abrogate sovereign immunity as to those claims. See *Morash & Sons* v. *Commonwealth*, 363 Mass. 612, 623-624 (1973). The Legislature acted. In 1978, the Commonwealth's consent statute, G. L. c. 258, was repealed in its entirety, and replaced by a new comprehensive statute, popularly known as the Massachusetts Tort Claims Act (Act),[11] in which the Commonwealth for the first time consented to suit on tort claims.[12] See St. 1978, c. 512, § 15, codifying the Act as G. L. c. 258, §§ 1-11. The Act also abrogated any immunities that might previously have been available to public employers other than the

---

[9]A 1965 report of the Legislative Research Council confirms that, as of that date, the Commonwealth had not consented to suit in actions founded on tort. See 1965 Senate Doc. No. 990, at 75. The report discusses the history of private legislation, i.e., legislation enacted to permit a particular claim against the Commonwealth, generally and in Massachusetts specifically. See *id.* at 60-78. In summarizing Massachusetts law, the report noted that "[b]y statute, the Commonwealth has consented to be sued in contract actions (G. L. c. 258, § 1)." *Id.* at 75.

[10]Between 1943 and 1978 there was one further amendment: in 1973, the phrase "at law or in equity" was deleted from the statute, St. 1973, c. 1114, § 337, to conform the statutory language to the newly promulgated Massachusetts Rules of Civil Procedure. See *First Nat'l Ins. Co.* v. *Commonwealth*, 376 Mass. 248, 250 (1978).

[11]The Act is entitled, "An act establishing a claims and indemnity procedure for the commonwealth, its municipalities, counties and districts and the officers and employees thereof." St. 1978, c. 512.

[12]Beginning in 1893, the Commonwealth had consented to liability for injuries to person and property arising from defects in State highways. See G. L. c. 81, § 18; St. 1983, c. 476, § 13. Prior to 1893, however, a public employer was not liable in any circumstances for acts of negligence relating to its governmental functions, but could be liable for negligence under the common law if the public employer were performing a commercial function. See *Morash & Sons* v. *Commonwealth*, 363 Mass. 612, 620-621 (1973); Glannon, Governmental Tort Liability under the Massachusetts Tort Claims Act of 1978, 66 Mass. L. Rev. 7, 8 (1981).

Commonwealth.[13] *Id.* Of relevance to this case, by its terms, the Act repealed the Commonwealth's consent to be sued on all contract claims. See St. 1978, c. 512, § 15. It is clear that that aspect of the reform legislation was inadvertent: there is nothing to suggest that, in providing for tort claims against the Commonwealth, the Legislature intended to abrogate the century-old consent of the Commonwealth to be sued in contract claims. Accordingly, in 1979, the Legislature promptly amended the 1978 Act and reauthorized contract claims against the Commonwealth: "Claims against the commonwealth, except as otherwise expressly provided in [c. 258] or by any special provision of law, may be enforced in the superior court." St. 1979, c. 1, § 1. The preamble to St. 1979, c. 1, makes explicit the Legislature's purpose:

> "Whereas, The deferred operation of this act would tend to defeat its purpose, which is to clarify the law relating to claims against the commonwealth not arising in tort, therefore it is hereby declared to be an emergency law, necessary for the immediate preservation of the public convenience."

The 1979 corrective legislation was also made retroactive to the effective date of the Act, thereby ensuring that no contract claim against the Commonwealth had been extinguished by the terms of the 1978 Act. See St. 1979, c. 1, § 3. To make its intent abundantly clear, the Legislature enacted a catchall safe harbor provision:

> "Nothing contained in this chapter shall be construed as limiting or restricting any liability with respect to claims not arising in tort to which the commonwealth may have been subject prior to the effective date of this chapter or to which the commonwealth would thereafter have been subject if this chapter had not been adopted."

*Id.* at § 2.

Notwithstanding some resulting confusion, the Legislature thus expressed in clear and unambiguous language that the

---

[13]Within the Act, "public employer" is defined as, among others, "the commonwealth and any county, city, town, educational collaborative, or district" and other public agencies. G. L. c. 258, § 1.

Commonwealth would continue to consent to suit for contract claims in the same manner and to the same extent that it had given its consent prior to 1978. See P.M. Cronin, Contract Claims Against Public Bodies — The Applicability and Inapplicability of Chapter 258, 1 Mass. Gov't Liability Rep. 75, 75 (1987) ("The inadvertent repeal of a statute by the General Court and its belated insertion of Chapter 258 has needlessly confused the applicability of the provisions of that chapter to contract claims against public agencies").[14]

The 1979 corrective legislation did not alter the three-year statute of limitations previously applicable to contract claims against the Commonwealth. G. L. c. 260, § 3A. There is nothing — no language, no legislative history, no legislative report — to support any such conclusion. Rather, in this, as in all other respects, the 1979 corrective legislation was intended to do no more than to restore the Commonwealth's consent to be sued on contract claims. See, e.g., *Perkins Sch. for the Blind* v. *Rate Setting Comm'n*, 383 Mass. 825, 830 n.4 (1981) (applying three-year statute of limitations of G. L. c. 260, § 3A, to contract claim against the Commonwealth).[15] When the Com-

---

[14]See also Glannon, The Massachusetts Tort Claims Act: Analysis and Update, 75 Mass. L. Rev. 52, 66 (1990) ("[§] 12 of the [Act] provides for contract claims against the Commonwealth"); J.R. Nolan & L.J. Sartorio, Tort Law § 551 (2d ed. 1989) ("The total repeal of Massachusetts General Laws, Chapter 258 does not result in depriving a party aggrieved by a breach of contract or a contract-like arrangement of a cause of action against the Commonwealth"); J.R. Nolan, Civil Practice § 316 (2d ed. 1992) ("In those instances in which the Commonwealth has consented to be sued, the actions based on claims against the Commonwealth, whether in contract or in tort, must be commenced within three years after the cause of action has accrued"); R.W. Bishop, Prima Facie Case § 2.63, at 129-130 (4th ed. 1997) (restating the statute of limitations for claims against the Commonwealth is three years).

[15]See also *Kirkpatrick* v. *Commonwealth*, 362 Mass. 154, 163 (1972) ("Claims against the Commonwealth [G. L. c. 258] must be brought within three years after cause of action accrues"); *Marinucci Bros.* v. *Commonwealth*, 358 Mass. 806 (1970) (rescript opinion) (holding that claim was contract claim against Commonwealth and was subject to three-year statute of limitations of G. L. c. 260, § 3A); *Campanella & Cardi Constr. Co.* v. *Commonwealth*, 351 Mass. 184, 185-187 (1966) (barring contract action against Commonwealth because breach of contract had occurred over three years before filing of action); *DiGregorio* v. *Commonwealth*, 10 Mass. App. Ct. 861, 861-862 (1980) (rescript opinion) (applying three-year statute of limitations

monwealth consents to be sued, it may define the terms and conditions on which it may be sued. See, e.g., G. L. c. 258, § 10 (setting terms for tort actions). A statute of limitations is but one term that the Commonwealth may set as a precondition to suit. Chapter 258, as amended, provides for certain circumstances in which the Commonwealth (and other public bodies) may be sued. The Legislature has determined that *all* such claims against the Commonwealth be brought "only" within three years. G. L. c. 260, § 3A.[16] We may not amend or depart from the terms that the Legislature has set.[17]

*Judgment affirmed.*

---

for claims against Commonwealth to affirm dismissal of contract claim); *Mitchell* v. *Metropolitan Dist. Comm'n,* 4 Mass. App. Ct. 484, 490 (1976) (denying untimely amendment of complaint in contract action because it would "frustrate the purpose of the three-year statute of limitations by which actions against the Commonwealth are governed").

[16]*Monadnock Display Fireworks, Inc.* v. *Andover,* 388 Mass. 153 (1983), concerned a claim against a municipality for indemnity grounded on breach of contract. We held in that case that a six-year statute of limitations applied to such a claim. *Id.* at 158 n.2. General Laws c. 258, § 12, and G. L. c. 260, § 3A (establishing three-year statute of limitations) by their terms apply only to "claims against the Commonwealth." Had the Legislature intended to apply the same three-year statute of limitations to municipalities and other public employers, it could have done so expressly. Compare G. L. c. 258, § 12 ("Claims against the commonwealth . . .") with G. L. c. 258, § 1 (defining "[p]ublic employer" as including "the commonwealth and any county, city, [or] town" and other governmental units).

[17]In *Chapman* v. *University of Mass. Med. Ctr.,* 417 Mass. 104, 106 (1994), *S.C.,* 423 Mass. 584 (1996), the court stated that "Chapman's contract claim is subject to a six-year period under G. L. c. 260, § 2." The court made no comment on and made no reference to the statutory history of either G. L. c. 258, § 12, or G. L. c. 260, § 3A. See *id.* at 105-106, noting only that "Chapman's complaint makes clear that this action was not brought under G. L. c. 258." *Id.* at 106. We have reviewed the briefs filed in that case, and note that the Commonwealth did not challenge the plaintiff's claim that a six-year statute of limitations applied to her action. As we have described, the Legislature has provided that contract actions against the Commonwealth are subject to a three-year statute of limitations. G. L. c. 260, § 3A. Any suggestion in *Chapman* v. *University of Mass. Med. Ctr., supra,* to the contrary is erroneous.