# CAMERON PAINTING, INC. *vs.* UNIVERSITY OF MASSACHUSETTS.

No. 12-P-968.

Hampshire. January 7, 2013. - February 25, 2013.

Present: GRASSO, KAFKER, & MEADE, JJ.

*University of Massachusetts. Contract,* Performance and breach, Under seal, Implied covenant of good faith and fair dealing. *Limitations, Statute of. Practice, Civil,* Statute of limitations. *Governmental Immunity. Estoppel.*

Discussion of the standard of review applicable to the grant of a motion to dismiss. [346-347]

A Superior Court judge properly dismissed, as barred by the statute of limitations, a civil action alleging breach of contract under seal that was brought against the University of Massachusetts, where G. L. c. 260, § 3A, conveys the explicit intent of the Legislature that all claims against the Commonwealth for breach of contract must be brought within three years of their accrual, regardless of whether the contract was made under seal [347-350]; and where application of the doctrine of estoppel would be inappropriate, in that the public interest in compliance with statutes of limitations, especially in claims brought against the Commonwealth, overrides any equitable considerations [350-352].

CIVIL ACTION commenced in the Superior Court Department on November 21, 2011.

A motion to dismiss was heard by *Mary-Lou Rup,* J.

*Michael K. Callan* for the plaintiff.

*Jean M. Kelley* for the defendant.

MEADE, J. Cameron Painting, Inc. (Cameron), appeals from a judgment dismissing its complaint for breach of contract[1] against the University of Massachusetts (University). On appeal, Cameron claims it was error to dismiss the complaint based on the three-year statute of limitations in G. L. c. 260, § 3A, when the

---

[1]Cameron claimed a breach of the covenant of good faith and fair dealing. See *Nortek, Inc.* v. *Liberty Mut. Ins. Co.,* 65 Mass. App. Ct. 764, 768-769 (2006) (actions for breach of implied covenants are actions for breach of contract).

twenty-year statute of limitations in G. L. c. 260, § 1, applied. Cameron also claims that even if the three-year period applied, the University should be estopped from asserting it. We affirm, and hold that any action in which the Commonwealth has consented to be sued must be brought within the three-year limitations period provided by G. L. c. 260, § 3A.

1. *Background.* The facts are not in dispute. On May 9, 2006, Cameron submitted a general bid to the University for a contract for painting services valued at $500,000. The State contract was for "campus painting services" and labor at the University's Amherst campus.

On May 26, 2006, Cameron and the University entered into a one-year contract for the same project. The contract estimated the volume of business would be $500,000, and guaranteed Cameron a minimum payment of $1,000 under the contract. All work pursuant to this contract was to be completed on or before May 31, 2007. The parties executed the contract as a sealed instrument.

The terms of the contract required that prior to the commencement of a particular painting project, both Cameron and the University must reach an agreed-upon price for the particular project. Over the course of the contract period, the parties could not agree upon any quotes submitted by Cameron for any painting projects at the University. The University therefore authorized no work for Cameron under the contract terms, and notified Cameron on February 16, 2007, it would not renew the contract. Cameron also alleges the University put projects out to bid between May, 2006, and May, 2007, that would have normally fallen within the scope of Cameron's contract with the University.

Cameron filed its complaint against the University in Superior Court on November 21, 2011, approximately five years after the contract was executed, and four years after the contract ended, and alleged the University breached the implied covenants of good faith and fair dealing during the periods between May, 2006, and May, 2007. A judge of the Superior Court dismissed the complaint as untimely, and Cameron appeals.

2. *Discussion.* a. *Standard of review.* We review the grant of a motion to dismiss de novo, and in reviewing the sufficiency of a complaint under Mass.R.Civ.P. 12(b)(6), 365 Mass. 754

(1974), "[w]e take as true 'the allegations of the complaint, as well as such inferences as may be drawn therefrom in the plaintiff's favor," *Marram* v. *Kobrick Offshore Fund, Ltd.*, 442 Mass. 43, 45 (2004), quoting from *Warner-Lambert Co.* v. *Execuquest Corp.*, 427 Mass. 46, 47 (1998). "What is required at the pleading stage are factual 'allegations plausibly suggesting (not merely consistent with)' an entitlement to relief . . . ." *Iannacchino* v. *Ford Motor Co.*, 451 Mass. 623, 636 (2008), quoting from *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 557 (2007).

b. *Limitations periods.* When interpreting a statute, a court's primary duty is to "effectuate the intent of the Legislature in enacting it." *International Org. of Masters* v. *Woods Hole, Martha's Vineyard & Nantucket S.S. Authy.*, 392 Mass. 811, 813 (1984). In interpreting a statute, we look first to its language as "the principal source of insight into legislative intent." *Water Dept. of Fairhaven* v. *Department of Envtl. Protection*, 455 Mass. 740, 744 (2010), quoting from *Providence & Worcester R.R.* v. *Energy Facilities Siting Bd.*, 453 Mass. 135, 142 (2009). Statutes should be interpreted in accordance with the plain meaning of the statutory language, see *Sullivan* v. *Brookline*, 435 Mass. 353, 360 (2001), and "the courts enforce the statute according to its [plain] wording." *Martha's Vineyard Land Bank Commn.* v. *Assessors of W. Tisbury*, 62 Mass. App. Ct. 25, 27-28 (2004), quoting from *Weitzel* v. *Travelers Ins. Cos.*, 417 Mass. 149, 153 (1994). Where the meaning of the language is plain and unambiguous, "we simply end our analysis and give effect to the legislative intent." *Adams* v. *Boston*, 461 Mass. 602, 609 (2012). See *Halebian* v. *Berv*, 457 Mass. 620, 628 (2010).

At the outset, we note that as a component of the Commonwealth, the University cannot be sued unless the Commonwealth has consented to a waiver of its sovereign immunity. See *Morash & Sons* v. *Commonwealth*, 363 Mass. 612, 614-616 (1973); *Irwin* v. *Commissioner of the Dept. of Youth Servs.*, 388 Mass. 810, 812 (1983).[2] Here, Cameron claims that because the University entered into a sealed contract pursuant to its author-

---

[2] "For purposes of the Commonwealth's consent to be sued, the University of Massachusetts and the Commonwealth are 'one and the same party, namely

ity in G. L. c. 75, § 1, the twenty-year statute of limitations provided by G. L. c. 260, § 1, and not the three-year period provided by G. L. c. 260, § 3A, should apply.[3] In support of its claim, Cameron argues the broad powers granted to the University under G. L. c. 75, § 1, confer upon the University the authority to enter into contracts with a longer period of limitations than created under G. L. c. 260, § 3A. We disagree.

Section 1 of G. L. c. 75 does not give the University the express authority to contravene the laws of the Commonwealth regarding the Commonwealth's consent to be sued. "In this Commonwealth, public officials cannot make a binding contract without express authority, and have authority to bind their governmental bodies only to the extent conferred by the controlling statute." *Dagastino* v. *Commissioner of Correction,* 52 Mass. App. Ct. 456, 458 (2001) (citations omitted). Only the Legislature may enact laws that set aside the traditional protections of sovereign immunity and allow claims to proceed against the Commonwealth. The University, pursuant to its admittedly broad powers under G. L. c. 75, § 1, has no such power. "[T]hose who contract with the officers or agents of a governmental agency must, at their peril, 'see to it that those officers or agents are acting within the scope of their authority.' " *Bowers* v. *Board of Appeals of Marshfield,* 16 Mass. App. Ct. 29, 34 (1983), quoting from *Sancta Maria Hosp.* v. *Cambridge,* 369 Mass. 586, 595 (1976).

Chapter 260 of the General Laws governs the limitations of actions brought in Massachusetts courts. In general, G. L. c. 260, § 2, provides a six-year statute of limitations for contract claims, absent exceptions listed in G. L. c. 260, § 1, such as contracts under seal: "Actions of contract, other than those to recover for personal injuries, founded upon contracts or liabilities, express or implied, *except actions limited by section one* . . . shall,

the Commonwealth of Massachusetts.' " *Wong* v. *University of Mass.,* 438 Mass. 29, 30 n.3 (2002), quoting from *Hannigan* v. *New Gamma-Delta Chapter of Kappa Sigma Fraternity, Inc.,* 367 Mass. 658, 659 (1975).

[3]In pertinent part, G. L. c. 75, § 1, as amended by St. 1991, c. 142, § 16, provides: "In addition to the authority, responsibility, powers and duties specifically conferred [on the University] by this chapter, the board of trustees shall have all authority, responsibility, rights, privileges, powers and duties customarily and traditionally exercised by governing boards of institutions of higher learning."

except as otherwise provided, be commenced only within six years next after the cause of action accrues" (emphasis added). G. L. c. 260, § 2, as amended by St. 1948, c. 274, § 1. In turn, G. L. c. 260, § 1, provides a limited exception for contracts under seal, to which a twenty-year statute of limitations applies. In a more narrow category, G. L. c. 260, § 3A, provides the statute of limitation period for claims brought *against* the Commonwealth. It states that "[p]etitions found upon claims against the commonwealth prosecuted under chapter two hundred and fifty-eight shall be brought only within three years next after the cause of action accrues." G. L. c. 260, § 3A, inserted by St. 1943, c. 566, § 1.

A plain reading of the text of G. L. c. 260, § 3A, conveys the explicit intent of the Legislature that *all* claims against the Commonwealth for breach of contract must be brought within three years of their accrual, regardless of whether the contract was made under seal. The use of the word "only" in § 3A explicitly limits the scope of sovereign immunity that the Legislature has consented to waive in contract claims brought against the Commonwealth. *Wong* v. *University of Mass.*, 438 Mass. 29, 35 (2002). Unlike G. L. c. 260, § 2, § 3A contains no explicit exception for contracts brought under seal, instead requiring all contract claims against the Commonwealth be brought "only" within three years. See *Wong* v. *University of Mass.*, *supra* at 36. Because the Legislature could have carved out a similar exception for contracts under seal in § 3A, but did not, we must conclude the Legislature intended to require all claims against the Commonwealth be brought within three years. See *General Elec. Co.* v. *Department of Envtl. Protection*, 429 Mass. 798, 803 (1999), quoting from *King* v. *Viscoloid Co.*, 219 Mass. 420, 425 (1914) ("we do not 'read into the statute a provision which the Legislature did not see fit to put there, whether the omission came from inadvertence or of set purpose' ").

As the judge properly noted, Cameron could not bring this suit unless the Commonwealth consented to waive sovereign immunity in contract cases. "When the Commonwealth consents to be sued, it may define the terms and conditions on which it may be sued." *Wong* v. *University of Mass.*, *supra* at 35-36. The

three-year statute of limitations set out in G. L. c. 260, § 3A, places such a condition upon the Commonwealth's waiver of sovereign immunity. *Ibid.* "We may not amend or depart from the terms that the Legislature has set." *Id.* at 36. The three-year statute of limitations in § 3A therefore applies to *all* contract claims brought against the Commonwealth, including breach of contracts under seal.[4]

c. *Estoppel.* Cameron also claims that even if G. L. c. 260, § 3A, applies to its breach of contract claim, the University should be estopped from asserting the three-year statute of limitations because in knowingly executing a contract under seal, the University induced Cameron to hold off bringing suit until after § 3A's statute of limitations had passed. In other words, because Cameron relied upon the language of G. L. c. 260, § 1, it now argues it would be inequitable to apply the shorter statute of limitations to its claim. The judge properly rejected this claim because estoppel is inapplicable in the circumstances of this case.

Courts have traditionally been "reluctant to apply principles of estoppel to public entities where to do so would negate requirements of law intended to protect the public interest." *Phipps Prods. Corp.* v. *Massachusetts Bay Transp. Authy.*, 387 Mass. 687, 693 (1982). See *LaBarge* v. *Chief Admin. Justice of the Trial Ct.*, 402 Mass. 462, 468 (1988). See also *Sullivan* v. *Chief Justice for Admin. & Mgmt. of the Trial Ct.*, 448 Mass. 15, 30-31 (2006) ("A common thread underlying our reluctance to apply principles of estoppel to public entities has been the idea that deference to legislative policy should trump individual acts or statements of a government official that may be contrary to such policy"). "This traditional reluctance had been justified by the need to protect the public from improper collusion by public officials, deference to legislative policy, concern about the public

---

[4]Cameron also claims that even if the three-year statute of limitations under § 3A applies to this contract, the University waived § 3A by executing a contract under seal. We disagree. The University has no authority to waive statutory requirements. See *Dagastino* v. *Commissioner of Correction*, 52 Mass. App. Ct. at 458. "[P]ersons who deal with a governmental agency must take notice of limitations upon that agency's contracting power and cannot recover upon a contract which oversteps those limitations." *White Constr. Co.* v. *Commonwealth*, 11 Mass. App. Ct. 640, 648 (1981).

fisc, and administrative efficiency." *Morton St. LLC* v. *Sheriff of Suffolk County*, 453 Mass. 485, 492 (2009). See *McAndrew* v. *School Comm. of Cambridge*, 20 Mass. App. Ct. 356, 360-361 (1985). We have also traditionally rejected the application of estoppel to the government "where a government official acts, or makes representations, contrary to a statute or regulation designed to . . . ensure some other legislative purpose." *Morton St. LLC* v. *Sheriff of Suffolk County, supra,* quoting from *McAndrew* v. *School Comm. of Cambridge, supra* at 361.

Even if Cameron were able to establish the elements of estoppel,[5] application of the doctrine in this case would be inappropriate. Allowing Cameron's claim to go forward would defeat the important public interest of ensuring that all claims against the Commonwealth are brought in a timely fashion. *LaBarge* v. *Chief Admin. Justice of the Trial Ct., supra* at 469. See *Aiello* v. *Aiello*, 447 Mass. 388, 403 (2006), quoting from *Doe* v. *Harbor Schs.*, 446 Mass. 245, 256 (2006) ("[s]tatutes of limitation 'represent society's considered . . . compromise between a plaintiff's need to remediate wrongs and society's need for closure and forward movement' "). The public interest in compliance with statutes of limitations — especially in claims brought against the Commonwealth — "overrides the equities that would appropriately be considered in a purely private transaction." *Phipps Prods. Co.* v. *Massachusetts Bay Transp. Authy., supra* at 693. Even if reliance upon the contract's execution under seal were reasonable, the public interest in adherence to strict statutes of limitations and timely resolution of claims against the Commonwealth overrides any equitable considerations. *Ibid.* See *O'Blenes* v. *Zoning Bd. of Appeals of Lynn*, 397 Mass. 555, 558 (1986) (application of principles of estoppel against town zoning board inappropriate where overriding

---

[5]The elements of estoppel are as follows: "(1) a representation intended to induce reliance on the part of a person to whom the representation is made; (2) an act or omission by that person in reasonable reliance on the representation; and (3) detriment as a consequence of the act or omission." *Sullivan* v. *Chief Justice for Admin. & Mgmt. of the Trial Ct.*, 448 Mass. at 27-28, quoting from *Bongaards* v. *Millen*, 440 Mass. 10, 15 (2003). The party asserting estoppel must also prove that its reliance upon the other party was indeed reasonable. *O'Blenes* v. *Zoning Bd. of Appeals of Lynn*, 397 Mass. 555, 558 (1986).

concern is strict enforcement of statutory notice requirements). To enforce the doctrine of estoppel in the circumstances of the instant case would effectively negate the legislative intent underlying G. L. c. 260, § 3A. See *Gamache* v. *Mayor of N. Adams*, 17 Mass. App. Ct. 291, 294 (1983). See also *New City Hotel Co.* v. *Alcoholic Bevs. Control Commn.*, 347 Mass. 539, 542 (1964) (estoppel may not be invoked against public officials if result is to defeat operation of statute). The duty of this court is to "adhere to the very terms of the statute and not, upon imaginary equitable considerations, to escape from the positive declarations of the text." *Joslyn* v. *Chang*, 445 Mass. 344, 352 (2005). We must exercise deference to the legislative policy enacted that restricts the consent of the Commonwealth to be sued, even if a party alleges a government official made misrepresentations to the contrary. See *Sullivan* v. *Chief Justice for Admin & Mgmt. of the Trial Ct.*, 448 Mass. at 30-31.

*Judgment affirmed.*