The plaintiff, Nyaitiyo Cook, appeals from a Superior Court judgment dismissing her complaint against the defendant, Boston Carmen's Union, Local 589 (union). We affirm.
Background. The plaintiff's complaint arises from a July 2, 2007, arbitration agreement among Cook, the union, and the Massachusetts Bay Transportation Authority (MBTA), in which the MBTA agreed to pay a sum certain to the plaintiff for vacation pay.[2] This sum was reduced by the amount she was required to contribute to the MBTA retirement fund in order to receive a disability retirement. Preceding the complaint at issue here, the plaintiff filed two complaints in the Superior Court against the MBTA, claiming that she had not received the full amount of her vacation pay. Both complaints were resolved in favor of the MBTA.
On December 14, 2015, the plaintiff then filed this complaint against the union claiming that it had failed to adequately represent her and therefore should be responsible for the payment. The motion judge allowed the union's motion to dismiss, holding that the two claims-one sounding in contract and one based on the duty of fair representation-were time-barred.[3] ,[4]
Discussion. The plaintiff's brief precludes our substantive review of her claims as it fails to support claims of error with sufficient legal argument, factual detail, or citation to legal authority or rules. An appellant's brief must set forth an argument which contains "the contentions of the appellant with respect to the issues presented," and must include "citations to the authorities, statutes, and parts of the record relied on." Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975). This rule is more than a mere technicality, and requires an appellant to support her claim with citations to relevant authority. See G.R. v. Department of Developmental Serv., 84 Mass. App. Ct. 791, 806 (2014). Although the plaintiff is pro se, she is held to the same standards as litigants represented by counsel. See Rasheed v. Commonwealth, 440 Mass. 1027, 1027 (2003).
Even in the absence of these defects, it is clear that the plaintiff's claim must fail as both claims are time-barred. As to the contract claim, the plaintiff did not file the complaint within the six-year statute of limitations. See G. L. c. 260, § 2 (actions of contract shall be commenced within six years); Cameron Painting, Inc. v. University of Mass., 83 Mass. App. Ct. 345, 348-349 (2013). And, as to the claim that the union breached its duty of fair representation, the plaintiff failed to file a complaint with the Labor Relations Board within six months of the allegedly prohibited conduct. See 456 Code Mass. Regs. § 15.03 (1999) ; Blauvelt v. AFSCME Council 93, Local 1703, 74 Mass. App. Ct. 794, 801-03 (2009).
Judgment affirmed.

The plaintiff was formerly employed by the MBTA, and now seeks to enforce this action against the union.

The motion judge acknowledged that there was some ambiguity in the statute of limitations for the duty of fair representation claims as the Supreme Judicial Court in Graham v. Quincy Food Serv. Employees Assn. & Hosp., Library & Employees Union, 407 Mass. 601, 613 (1990), rejected the Federal six-month limitation period and applied a three-year statute of limitations. The plaintiff also failed to file within six months from the allegedly prohibited conduct with the appropriate department as required by 467 Code Mass. Regs. § 15.03 (1999). Thus, the motion judge determined that under either limitation period, the plaintiff's complaint was time-barred.

As an additional grounds for dismissal, the motion judge found that the amount in controversy did not meet the Superior Court jurisdictional minimum of $25,000.