NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-692

NATALIE B. SAWYER

vs.

COMMISSIONER OF DIVISION OF CAPITAL ASSET MANAGEMENT AND MAINTENANCE & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff brought a claim under the Wage Act, G. L. c. 149, § 148, against the director of human resources and the commissioner of the Division of Capital Asset Management and Maintenance (DCAMM), seeking treble damages and attorney's fees for allegedly unpaid wages, including salary and vacation time. The Commonwealth filed a motion to dismiss under Mass. R. Civ. P. 12 (b) (1) and (6), 365 Mass. 754 (1974), arguing that the Wage Act claim was barred because the statute contains only a narrow exception to the general rule that the Commonwealth is immune from suit and the plaintiff did not fall in that

_____

[1] Director of Human Resources of the Division of Capital Asset Management and Maintenance.

exception.  A Superior Court judge allowed the motion, and the plaintiff appeals.  We affirm.

Discussion.  Under the doctrine of sovereign immunity, "[t]he Commonwealth 'cannot be impleaded in its own courts except with its consent, and, when that consent is granted, it can be impleaded only in the manner and to the extent expressed . . . [by] statute.'"  Woodbridge v. Worcester State Hosp., 384 Mass. 38, 42 (1981), quoting Broadhurst v. Director of the Div. of Employment Sec., 373 Mass. 720, 722 (1977).  "The rules of construction governing statutory waivers of sovereign immunity are stringent."  Woodbridge, supra.  They require that "[c]onsent to suit . . . be expressed by the terms of a statute, or appear by necessary implication from them."  Id.

We are unpersuaded by the plaintiff's contention that the Wage Act contains a waiver of sovereign immunity that is broad enough to encompass her suit.  In Donahue v. Trial Court of the Commonwealth of Mass., 99 Mass. App. Ct. 180, 183-184 (2021), we held that, while the Wage Act "expressly applies to the Commonwealth and its instrumentalities, . . . it does so only in certain limited circumstances."  Specifically, the first paragraph of the Wage Act states that the statutory requirements apply to "every mechanic, workman and laborer employed by" the Commonwealth and its instrumentalities and "every person employed in any other capacity by it or them in any penal or

2

charitable institution."  G. L. c. 149, § 148.  The amended complaint does not plausibly allege, nor does the plaintiff argue, that her work qualified her as a mechanic, workman, or laborer or that she was employed in a penal or charitable institution.[2]  Thus, the suit by her does not fall within the Wage Act's limited waiver of sovereign immunity.  See Donahue, supra at 184-187.

The plaintiff suggests that Donahue was wrongly decided in that it overlooked other language in the Wage Act.  In particular, the plaintiff relies on the sixth paragraph:

> "No person shall by a special contract with an employee or by any other means exempt himself from this section or from section one hundred and fifty.  The president and treasurer of a corporation and any officers or agents having the management of such corporation shall be deemed to be the employers of the employees of the corporation within the meaning of this section.  <u>Every public officer whose duty it is to pay money, approve, audit or verify pay rolls, or perform any other official act relative to payment of any public employees, shall be deemed to be an employer of such employees, and shall be responsible under this section for any failure to perform his official duty relative to the payment of their wages or salaries</u>, unless he is prevented from performing the same through no fault on his part."  (Emphasis added.)  G. L. c. 149, § 148.

---

[2] According to the amended complaint, "[f]rom March 18, 2018 until her termination on May 10, 2022," the plaintiff "served as General Counsel of DCAMM."  The Commonwealth argues that a person with this title could not be considered a mechanic, workman, laborer, or person employed in any penal or charitable institution.  G. L. c. 149, § 148.  The plaintiff does not argue otherwise.

We do not view the emphasized language as establishing a blanket waiver of sovereign immunity.

Rather, as explained in Cook v. Patient Edu, LLC, 465 Mass. 548, 553 (2013), that language "imposes individual liability" on the identified public officers if they fail to make payment of wages in accordance with the statute.  To construe it instead as a blanket waiver of immunity would render superfluous the provision in the first paragraph limiting the Commonwealth's waiver to suits brought by certain subsets of employees.  This would contravene the strict rules of construction governing waivers of immunity, see Woodbridge, 384 Mass. at 42, as well as the basic tenet that "no word in a statute should be considered superfluous."[3]  International Org. of Masters, Mates & Pilots, Atl. & Gulf Maritime Region, AFL-CIO v. Woods Hole, Martha's Vineyard & Nantucket S.S. Auth., 392 Mass. 811, 813 (1984).

The plaintiff also urges that the Superior Court judge erred in referencing model jury instructions when she analyzed the statute's meaning.  The Superior Court judge's interpretive method is of no moment to our analysis because we interpret a complaint's legal sufficiency de novo, giving no deference to

---

[3] Even though the Wage Act does not authorize the plaintiff's suit, nothing in our decision prevents the plaintiff from seeking the wages to which she believes she is entitled under other theories of recovery.  See Wong v. University of Mass., 438 Mass. 29, 32-37 (2002).

4

the judge's approach.  See, e.g., <u>International Bhd. of Elec.</u> <u>Workers Local No. 129 Benefit Fund</u> v. <u>Tucci</u>, 476 Mass. 553, 557 (2017).

<u>Judgment affirmed</u>.

By the Court (Massing,
  Singh & Grant, JJ.[4]),

Clerk

Entered: July 29, 2024.

---

[4] The panelists are listed in order of seniority.